UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARIA VICTORIA BRADLEY** : **DOCKET NO. 2:18-cv-1004**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**P N K (LAKE CHARLES), LLC**
**d/b/a L'AUBERGE CASINO RESORT** : **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 6] filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendant P N K (Lake Charles), LLC, doing business as L'Auberge Casino Resort ("L'Auberge"). Plaintiff Maria Victoria Bradley opposes the motion and L'Auberge has filed a reply. Docs. 11, 16. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

The factual and procedural background for this motion is provided in the court's vacated Report and Recommendation [doc. 17] from November 9, 2018. Since that time it came to the court's attention that the Nevada Supreme Court had issued a decision on plaintiff's motion for en banc reconsideration of its prior decision, which held that Bradley's claims against L'Auberge were time-barred under Louisiana law. Bradley's motion for en banc reconsideration was pending in that court when the instant Motion to Dismiss was filed but has since been denied, thus making that court's determination a final judgment. *Bradley v. PNK (Lake Charles), LLC*, 420 P.3d 559, 2018 WL 3025981 (Nev. Jun. 15, 2018), *reconsideration denied*, No. 72937, doc. 18-37020 (Nev.

Sep. 21, 2018). In its objections to the vacated report and recommendation, L'Auberge also argued for the first time that Bradley's claim of criminal negligence was categorically barred as a crime of violence under Louisiana Revised Statute 14:2(B). Accordingly, L'Auberge maintains that the one-year prescriptive under Article 3492 of the Louisiana Civil Code applies to Bradley's claims, rather than the two-year prescriptive period applicable to delictual actions arising out of a crime of violence under Article 3493.10. This was also the conclusion reached by the Nevada Supreme Court. *Bradley*, 2018 WL 3025981 at *2. The court now reconsiders the grounds for dismissal of Bradley's claims.

## II.
## LAW & ANALYSIS

### A. *Rule 12(b)(6) Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court may, however, consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not

do. Nor will a complaint suffice if it tends naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (cleaned up). Instead, the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). Accordingly, the court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### B. *Application*

Under *Erie Railroad Co. v. Tompkins*, 58 S.Ct. 817 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). State statutes of limitations, as well as "integral part[s]" of the statutes of limitations like tolling and equitable estoppel, are treated as substantive for the purposes of the *Erie* doctrine. *Guaranty Trust v. York*, 65 S.Ct. 1464, 1470–71 (1945); *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) (quoting *Walker v. Armco Steel Corp.*, 100 S.Ct. 1978 (1980)).

Delictual actions brought under Louisiana law are generally subject to a one-year prescriptive period. La. Civ. Code art. 3492. However, delictual actions arising from an act defined as a crime of violence under Louisiana law are subject to a two-year prescriptive period. La. Civ. Code art. 3493.10. L'Auberge asserts that Bradley's claims of general negligence, negligent hiring, and criminal negligence are time-barred under Louisiana law because they arise from the allegedly criminal acts of another patron, who is not a party to this suit, and because criminal negligence is

not a crime of violence as defined under Louisiana Revised Statute 14:2(B). Docs. 6, 18. The court also considers the doctrine of *res judicata* as it applies to the Nevada Supreme Court's decision.[1] We take judicial notice of the records of the Nevada court's decisions under Federal Rule of Evidence 201(c)(1), for the purpose of determining the preclusive effect of same.

Under the doctrine of *res judicata*, or claim preclusion, judgment on the merits in a prior suit bars another suit involving the same parties and based on the same cause of action. *Parklane Hosiery Co. v. Shore*, 99 S.Ct. 645, 649 n. 5 (1979). Federal courts must give preclusive effect to state court judgments under the Full Faith and Credit Clause of the United States Constitution, as implemented by 28 U.S.C. § 1738. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 104 S.Ct. 892, 896 (1984). Where a federal court is asked to give effect to a state court decision, it must apply the *res judicata* principles of the state whose decision serves as a putative bar to further litigation. *Hernandez v. City of Lafayette*, 699 F.2d 734, 736 (5th Cir. 1983). Under Nevada law, the following three elements must be satisfied to warrant claim preclusion: (1) the issue decided in the prior adjudication is identical to the one presented in the action in question, (2) there was a final judgment on the merits, and (3) the party against whom the plea is asserted is a party or in privity with a party in the prior adjudication. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097–98 (9th Cir. 2007) (citing *Bennett v. FDIC*, 652 P.2d 1178, 1180 (Nev. 1982)). "For the purposes of claim

---

[1] *Res judicata* is generally an affirmative defense that must be pleaded, rather than raised *sua sponte*. *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001). L'Auberge raised the issue in its answer and in its reply in support of the motion to dismiss. Doc. 4, p. 1; doc. 16, pp. 11–12. In the reply it admitted, however, that "*res judicata* is premature at this time" because the case was still pending before the Nevada appellate courts. Doc. 16, pp. 11–12.
    We determine that L'Auberge has sufficiently raised the issue, with the court only noting *sua sponte* the Nevada Supreme Court's subsequent decision on the motion for reconsideration. Even if the court's observation amounts to raising the issue *sua sponte*, however, we are permitted to do so because it meets the exception allowed "where all of the relevant facts are contained in the record before us and all are uncontroverted." *Mowbray*, 274 F.3d at 281 (citing *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)). In such cases, the court may not ignore the legal effect of these facts "nor . . . decline to consider the application of controlling rules of law to dispositive facts," despite the parties' failure to properly raise the issue. *Id.* The parties do not dispute any fact relevant to this court's determination of the Nevada decision's preclusive effect, and so the court is permitted to consider the issue *sua sponte*.

preclusion, the first element includes claims that could have been litigated in the first action, even if they were not actually litigated." *Id.*

The parties in this matter are identical to the ones involved in the Nevada suit, satisfying the third element. Dismissal of a claim as time-barred operates as a judgment on the merits, and that judgment is now final thanks to the denial of en banc reconsideration. *Plaut v. Spendthrift Farm, Inc.*, 115 S.Ct. 1447, 1457 (1995). Finally, the Nevada court addressed an issue identical to the one presented here: whether the one-year prescriptive period under Article 3492 or the two-year prescriptive period under Article 3493.10 applies to Bradley's claims against L'Auberge. *Bradley*, 2018 WL 3025981 at *2. It concluded that the one-year limitations period applied because none of Bradley's claims amounted to a crime of violence committed by L'Auberge or its employees. *Id.* Accordingly, the doctrine of *res judicata* prevents Bradley from seeking another opinion from this court and all of her claims must be dismissed. The court need not consider any other arguments for dismissal nor test the sufficiency of the Nevada Supreme Court's prescription conclusions.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 6] be **GRANTED** and that all of Bradley's claims be **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6) and the principles of *res judicata*.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 27th day of December, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE